# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 24-0983V

|  |  |
|---|---|
| ZENAIDA VISTE, | Chief Special Master Corcoran |
| Petitioner, | Filed: December 31, 2025 |
| v. |  |
| SECRETARY OF HEALTH AND HUMAN SERVICES, |  |
| Respondent. |  |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner.*

*Tyler King, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON JOINT STIPULATION[1]

On June 26, 2024, Zenaida Viste filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from an influenza ("flu") vaccine received on September 15, 2022. Petition at 1; Stipulation, filed December 30, 2025, at ¶¶ 2-4. Petitioner further alleges the vaccine was administered in the United States, she suffered residual effects of her condition for more than six months, and there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition. Petition at ¶¶ 8, 46, 47; Stipulation at ¶¶ 3-5. "Respondent denies that petitioner sustained a SIRVA Table injury; denies that the flu vaccine caused petitioner's alleged shoulder injury, or any other injury; and denies that petitioner's current condition is a sequela of a vaccine-related injury." Stipulation at ¶ 6.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Nevertheless, on December 30, 2025, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award** the following compensation:

**A lump sum of $42,500.00, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner**. Stipulation at ¶ 8. This amount represents compensation for all items of damages that would be available under Section 15(a). *Id*.

I approve the requested amount for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

ZENAIDA VISTE,

        Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.

No. 24-983V
Chief Special Master Corcoran
ECF

### STIPULATION

The parties hereby stipulate to the following matters:

1.      Zenaida Viste ("petitioner") filed a petition for vaccine compensation under the

National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine

Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt

of the influenza ("flu") vaccine, which is a vaccine contained in the Vaccine Injury Table (the

"Table"), 42 C.F.R. § 100.3(a).

2.      Petitioner received a flu vaccination on September 15, 2022.

3.      The flu vaccine was administered within the United States.

4.      Petitioner alleges that she sustained a Table shoulder injury related to vaccine

administration ("SIRVA") within the time period set forth in the Table following administration

of the vaccine. Petitioner further alleges that she experienced the residual effects of her

condition for more than six months.

5.      Petitioner represents that there has been no prior award or settlement of a civil

action for damages on her behalf as a result of her condition.

6.     Respondent denies that petitioner sustained a SIRVA Table injury; denies that the
flu vaccine caused petitioner's alleged shoulder injury, or any other injury; and denies that
petitioner's current condition is a sequela of a vaccine-related injury.

7.     Maintaining their above-stated positions, the parties nevertheless now agree that
the issues between them shall be settled and that a decision should be entered awarding the
compensation described in paragraph 8 of the Stipulation.

8.     As soon as practicable after an entry of judgment reflecting a decision consistent
with the terms of the Stipulation, and after petitioner has filed an election to receive
compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human
Services will issue the following vaccine compensation payment:

> A lump sum payment of **$42,500.00** to be paid through an ACH deposit to
> petitioner's counsel's IOLTA account for prompt disbursement to
> petitioner. The amount represents compensation for all damages that
> would be available under 42 U.S.C. § 300aa-15(a).

9.     As soon as practicable after the entry of judgment on entitlement in the case, and
after petitioner has filed both a proper and timely election to receive compensation pursuant to
42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings
before the special master to award reasonable attorneys' fees and costs incurred in proceeding
upon the petition.

10.    Petitioner and her attorney represent that compensation to be provided pursuant to
the Stipulation is not for any items or services for which the Program is not primarily liable
under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be
expected to be made under any State compensation programs, insurance policies, Federal or
State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C.
§ 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

2

11.     Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of the Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12.     The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees, and litigation costs, and past unreimbursable expenses, the money provided pursuant to the Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13.     In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions, causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa 10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccine administered on or about September 15, 2022, as alleged by petitioner in a petition for vaccine compensation filed on June 26, 2024, in the United States Court of Federal Claims as petition No. 24-983V.

14.     If petitioner should die prior to entry of judgment, the agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15.     If the special master fails to issue a decision in complete conformity with the terms of the Stipulation or if the Court of Federal Claims fails to enter judgment in conformity

3

with a decision that is in complete conformity with the terms of the Stipulation, then the parties' settlement and the Stipulation shall be voidable at the sole discretion of either party.

16.     The Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in the Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise the agreement.

17.     Ther Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's alleged shoulder injury or any other injury or petitioner's current condition, or that petitioner suffered an injury contained in the Vaccine Injury Table.

18.     All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

4

Respectfully submitted,

**PETITIONER:**

ZENAIDA VISTE

**ATTORNEY OF RECORD
FOR PETITIONER:**

JEFFREY S. POP, ESQ.
Jeffrey S. Pop & Associates
9150 Wilshire Blvd., Suite 241
Beverly Hills, CA 90212
Phone: 310-273-5462
jpop@poplawyer.com

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

Jeffrey S.
Beach -S

Digitally signed by Jeffrey
S. Beach -S
Date: 2025.12.11 09:40:25
-05'00'
for

CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 14W-18
Rockville, MD 20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

Tyler C King.
by Heather L Pearl

TYLER C. KING
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 305-0730
Tyler.King@usdoj.gov

Dated: 12/30/2025

5